IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WILLIAM SCOTT HOWARD, SR., | ) |
| *Plaintiff*, | ) ) ) |
| v. | )  No.: 1:25-cv-01018-STA-jay |
| HENDERSON POLICE DEPARTMENT, CHESTER COUNTY SHERIFF'S DEPARTMENT, UNNAMED DEFENDANTS 1-100, | ) ) ) ) ) |
| *Defendants*. | ) |

**REPORT AND RECOMMENDATION**

Before the court is an application to proceed in forma pauperis ("IFP") filed by pro se Plaintiff William Scott Howard, Sr. (Docket Entry ["D.E."] 2.) This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination or report and recommendation as appropriate. Admin. Order 2013-05. Without reaching the question of whether Howard is indigent, it is RECOMMENDED that this action be dismissed for the reasons explained below.

I.      PROPOSED FINDINGS OF FACT

Howard filed this lawsuit on a "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" form. In the "Statement of Claim" portion of the form complaint, Howard writes: Defendants are "harassing me because of my lawsuit against a Tennessee State Trooper for excessive force[1] and hacking my cell phone and watching me and using their influence to do harm to me and using of their agency's and the public and mental manipulation [sic]." (D.E. 1 at 2, ¶

---

[1] *See* Howard v. Fox, 1:23-cv-01262-STA-jay.

1

IV., PageID 2.) The relief Howard requests is that "[he] would like the Court to compensate [sic] [him] for [his] mental abuse suffering from [his] excessive force case concerning the case against law enforcement agency [he] agree[s] to $200,000.00 for the pain and suffering from hands of narcissistic people." (*Id*. at 3, ¶ V., PageID 3.)

## II.   PROPOSED CONCLUSIONS OF LAW

A.   **28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding in forma pauperis at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

B.   **Standard of Review for Lack of Subject Matter Jurisdiction**

[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Of course, "dismissal on these grounds is appropriate 'only in the rarest of circumstances where . . . the complaint is deemed totally implausible.'" *Lynch v. Tennessee*, No. 3:16-CV-03034, 2017 WL 6462345, at *3 (M.D. Tenn. Sept. 25, 2017) (quoting *Apple*, 183 F.3d at 480) (citation corrected). This standard requires that "[t]he claims . . . be 'flimsier than doubtful or questionable—they must be essentially fictitious.'" *Id*. (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). When a

court dismisses a complaint under Rule 12(b)(1), the same opportunity to amend need not be provided as when a complaint is dismissed under Rule 12(b)(6). *Id*. at *4 (citing *Apple*, 183 F.3d at 479 ("*Tingler*'s requirement that a plaintiff be given the opportunity to amend does not apply to sua sponte dismissals for lack of jurisdiction pursuant to *Hagans*."))

**C.    Plaintiff's Complaint Should Be Dismissed.**

Howard's Complaint should be dismissed pursuant to Rule 12(b)(1). He fails to make any factual allegations against the named Defendants, fails to articulate any causes of action, and his factual allegations appear to be delusional and fictitious. As such, his Complaint should be dismissed as frivolous.[2]

### III.    RECOMMENDATION

For the foregoing reasons, it is RECOMMENDED that the Court dismisses Plaintiff William Scott Howard's Complaint pursuant to Rule 12(b)(1) and 28 U.S.C. § 1915(e)(2)(ii).

RESPECTFULLY SUBMITTED, this the 4th day of February, 2025.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned notes that Howard has brought ten actions in this Court since December 8, 2023. In all cases he has either sought or received IFP status, and nine out of those ten cases have been dismissed as frivolous or for failure to state claim, or currently have a pending Report and Recommendation of dismissal. *See Howard v. Fox*, 1:23-cv-01262-STA-jay (pending); *Howard v. City of Jackson Police Dep't, et al*., 1:23-cv-01265-STA-jay (Rule 12(b)(6) dismissal); *Howard v. Jackson Police Dep't, et al*., 1:23-cv-01266-JDB-jay (Rule 12(b)(1) dismissal); *Howard v. Publishers Clearing House N.Y. Sweepstakes*, 1:24-cv-01120-JDB-jay (Rule 12(b)(1) dismissal); *Howard v. Full Serv. P'ship, et al*., 1:24-cv-01221-JDB-jay (W.D. Tenn.) (Rule 12(b)(1) dismissal); *Howard v. Gomez*, 1:24-cv-01222-STA-jay (W.D. Tenn.) (Rule 12(b)(1) dismissal); *Howard v. Lam, et al*., 1:24-01266-JDB-jay (W.D. Tenn.) (Rule 12(b)(1) dismissal R&R pending); *Howard v. Jackson City Police D'part*, et al., 1:24-cv-01269-JDB-jay (Rule 12(b)(1) dismissal R&R pending); *Howard v. FedEx Delivery Co., et al.,* 1:25-cv-01019-STA-jay (Rule 12(b)(1) dismissal R&R pending).

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**